IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL BLANCHARD, <br>     PLAINTIFF, <br><br> v. <br><br> ACCOUNT DISCOVERY SYSTEMS, LLC, <br> NATIONAL CREDIT ADJUSTERS, LLC, <br> INTERNATIONAL FIDELITY INSURANCE <br> COMPANY, <br> and THE CINCINNATI INSURANCE COMPANY, <br>     DEFENDANTS | Case No. 4:15-cv-26 |

## **COMPLAINT AND JURY DEMAND**

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of Defendant Account Discovery Systems, LLC's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq. as well as the violations of the Texas Finance Code by National Credit Adjusters, LLC.

## **VENUE**

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant ADS transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Michael Blanchard ("Plaintiff"), is an adult individual residing in Harris County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant National Credit Adjusters LLC ("NCA") is a business entity operating from Hutchinson, Kansas.

8. NCA can be served via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. NCA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The principal purpose of NCA is the collection of debts using the mails and telephone and other means.

11. NCA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Defendant Account Discovery Systems LLC ("ADS") is a business entity operating from Amherst, New York.

13. ADS is not registered to do business in Texas and does not have a registered agent in Texas, but can be served at its place of business at 495 Commerce Dr., Suite 2, Amherst, NY 14228.

14. ADS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

15. The principal purpose of ADS is the collection of debts using the mails and telephone and other means.

16. ADS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

17. Defendant International Fidelity Insurance Company ("IFIC") is the surety company for the bond ADS has on file with the Texas Secretary of State.

18. IFIC is a foreign entity that can be served in the state of Texas via its registered agent, Paracorp Incorporated at 3610-2 North Josey Lane Suite 223, Carrollton TX 75007.

19. IFIC is liable for acts committed by ADS pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

20. Defendant The Cincinnati Insurance Company ("CIC") is the surety company for the bond NCA has on file with the Texas Secretary of State.

21. CIC is a foreign entity that can be served in the state of Texas via its registered agent, National Registered Agents Inc. at 1999 Bryan Street Suite 900, Dallas, TX 75201-3136.

22. CIC is liable for acts committed by NCA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

## FACTUAL ALLEGATIONS

23. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

24. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

25. The Account allegedly went into default with the original creditor.

26. After the Account allegedly went into default, the Account was placed with or otherwise transferred to NCA and ADS for collection.

27. Upon information and belief, NCA, a debt collector, purchased the account in questions and NCA hired ADS to assist it in collection efforts.

28. Plaintiff disputes the Account.

29. Plaintiff requests that NCA and ADS cease all further communications regarding the Account.

30. ADS collector(s) were employee(s) of ADS at all times mentioned herein.

31. ADS was an agent of NCA at all times mentioned herein and NCA is liable for the acts of its agent, ADS.

32. ADS acted at all times mentioned herein through its employee(s).

33. During the one year prior to the filing of this complaint, ADS spoke with plaintiff on the telephone on multiple occasions about the debt.

34. In the course of trying to collect on the Account, ADS lied to Plaintiff by telling Plaintiff that the Account would be listed on his credit report as long as it remained unpaid.  ADS further told Plaintiff that the account had to be repaid to avoid further damage to Plaintiff's credit rating.

35. ADS further "guarantee[d]" Plaintiff that the account would be put on Plaintiff's credit report if the account was not settled immediately.

36. At the time ADS told Plaintiff the account would be reported on Plaintiff's credit report, the account was not being reported on his credit report and no company with authority to do so had plans of reporting the account on Plaintiff's credit report.

37. In order to further intimidate Plaintiff, ADS told Plaintiff that the call was on a "federally recorded line."

38. As of the filing of this complaint, the account has not been reported on Plaintiff's credit report.

39. Even if the account was reported on Plaintiff's credit report, it would not remain on his credit report as long as it remained unpaid.

40. ADS's purpose for calling Plaintiff was to attempt to collect the Account.

41. In the same calls discussed in paragraphs 33-37 above and in other calls with Plaintiff, ADS failed to inform Plaintiff that ADS was a debt collector.

42. The telephone calls constituted a "communication" as defined by FDCPA § 1692a(2).

43. The only reason that ADS and/or representative(s), employee(s) and/or agent(s) of ADS  made telephone call(s) to Plaintiff was  to attempt to collect the Account.

44. The only reason that ADS and/or representative(s), employee(s) and/or agent(s) of ADS had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

45. During one or more communications with Plaintiff in the year prior to ADS did not provide the language required by 15 U.S.C § 1692e(11) and Tex. Fin. Code § 392.304(5)(B).

46. The statements and actions of ADS and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692e(2)&(3)&(5)&(7)&(10)&(11) and Tex. Fin. Code §392.301(2)&(6)&(8) and § 392.304(4)&(5)(A)&5(B)&(8)&(14)&(19).

47. All of the conduct by ADS and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

48. As a consequence of ADS's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

49. NCA had actual knowledge that ADS repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code.

## RESPONDEAT SUPERIOR

50. The representative(s) and/or collector(s) at ADS were employee(s) and/or agents of ADS at all times mentioned herein.

51. The representative(s) and/or collector(s) at ADS were acting within the course of their employment at all times mentioned herein.

52. The representative(s) and/or collector(s) at ADS were under the direct supervision and control of ADS at all times mentioned herein.

53. The actions of the representative(s) and/or collector(s) at ADS are imputed to their employer, ADS.

54. ADS acted at all times as an agent of NCA.

55. The actions of ADS are imputed to NCA.

56. NCA was aware of the collection methods and practices used by ADS.

57. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### COUNT I:   VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY ACCOUNT DISCOVERY SYSTEMS, LLC

58. The previous paragraphs are incorporated into this Count as if set forth in full.

59. The act(s) and omission(s) of ADS and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(3)&(5)&(7)&(10)&(11).

60. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from ADS.

### COUNT II:   VIOLATIONS OF THE TEXAS FINANCE CODE BY ACCOUNT DISCOVERY SYSTEMS, LLC

61. The previous paragraphs are incorporated into this Count as if set forth in full.

62. The act(s) and omission(s) of ADS and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19).

63. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from ADS.

64. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant ADS enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ACCOUNT DISCOVERY SYSTEMS, LLC

65. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Defendant intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

66. Plaintiff suffered actual damages from ADS as a result of ADS's intrusion.

### COUNT IV – IMPUTED LIABILITY OF INTERNATIONAL FIDELITY INSURANCE COMPANY FOR LIABILITY OF ACCOUNT DISCOVERY SYSTEMS

67. The previous paragraphs are incorporated into this Count as if set forth in full.

68. The act(s) and omission(s) of ADS and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19) are imputed to IFIC pursuant to Tex. Fin. Code § 392.102.

69. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from IFIC.

### COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE BY NATIONAL CREDIT ADJUSTERS , LLC

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19) and § 392.306.

72. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from NCA.

73. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against NCA enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT VI – IMPUTED LIABILITY OF THE CINCINNATI INSURANCE COMPANY FOR LIABILITY OF NATIONAL CREDIT ADJUSTERS, LLC

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19) are imputed to CIC pursuant to Tex. Fin. Code § 392.102.

76. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from CIC.

### JURY TRIAL DEMAND

77. Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

78. Judgment in favor of Plaintiff and against Defendants.

79. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

80. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

81. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

82. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

83. An injunction permanently enjoining Defendant ADS from future violations of the Texas Finance Code as described above.

84. An injunction permanently enjoining Defendant NCA from future violations of the Texas Finance Code as described above.

85. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Jeffrey D. Wood
    Jeffrey D. Wood, Esq.
    ArkBN: 2006164
    The Wood Firm, PLLC
    103 N. Goliad, Suite 204
    Rockwall, TX  75087
    TEL:  682-651-7599
    FAX:  888-598-9022
    EMAIL:  jeff@mmlaw.pro
    Attorney for Plaintiff